Filed 9/22/21  P. v. Gonzalez CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MANUEL A. GONZALEZ,<br><br>    Defendant and Appellant. | B311010<br><br>(Los Angeles County<br>Super. Ct. No. TA059902) |

APPEAL from an order of the Superior Court of Los Angeles County, Connie R. Quinones, Judge.  Appeal dismissed.

Jill Ishida, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Manuel A. Gonzalez appeals the trial court's order denying his request for modification of his sentence and resentencing. We dismiss the appeal.

## PROCEDURAL BACKGROUND

In August 2001, Gonzalez was convicted by a jury of attempted murder (Pen. Code, §§ 664, 187, subd. (a))[1] and assault with a deadly weapon (§ 245, subd. (a)(1)). The jury also found Gonzalez personally used a deadly or dangerous weapon (§ 12022, subd. (b)(1)); inflicted great bodily injury on the victim (§ 12022.7, subd. (a)); and had suffered a prior conviction for first degree residential burglary, a serious felony (§ 667, subd. (a)(1)). The court sentenced Gonzalez to a term of 23 years in prison, which included terms of five years for the serious felony enhancement, and three years for the great bodily injury enhancement. A different panel of this Division affirmed the judgment in 2003. (*People v. Gonzalez* (June 11, 2003, B157001) [nonpub. opn.].) The California Supreme Court denied review on August 20, 2003, and the remittitur issued on September 22, 2003.

In 2021, Gonzalez, acting in propria persona, filed a document captioned "Motion to re-sentence strike enhancement(s) five year, three year, due to L.A. County District Attorney 'retroactive criminal justice reforms policy changes applies to current conviction expedite due to Covid, requested.' " Therein, Gonzalez argued that his serious felony and great bodily injury enhancements should be stricken, and he should be resentenced, because the current Los Angeles County District Attorney had purportedly announced "sweeping, retroactive criminal justice reforms," including an intent not to charge

---

[1] All further undesignated statutory references are to the Penal Code.

enhancements. This purported policy, Gonzalez argued, should retroactively apply to him; his sentence should be modified by striking the enhancements; and he should be immediately released.

The trial court denied the motion on February 2, 2021, reasoning: "The petitioner requests that the court modify his sentence based solely on the Los Angeles County District Attorney's Special Directive 20-08 concerning enhancements and allegations. [¶] The request is denied. To the extent that the defendant is requesting a modification pursuant to [section] 1170(d), and more specifically, the District Attorney's new sentencing policy, he lacks standing to bring a motion pursuant to this section." After describing the jury's verdicts and the sentence imposed, the court stated: "It is contrary to the fair administration of justice to now modify the sentence without a legal basis."

Gonzalez timely appealed the court's ruling.

## DISCUSSION

After review of the record, Gonzalez's court-appointed counsel filed an opening brief that raised no issues and averred that the appeal was subject to *People v. Serrano* (2012) 211 Cal.App.4th 496.[2] Appellant was advised that he had 30 days to

---

[2]    *People v. Serrano, supra*, 211 Cal.App.4th 496, concluded that review under *People v. Wende* (1979) 25 Cal.3d 436, does not apply to appeals from orders denying postconviction relief. (Accord, *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, S264278.) *Cole*, at pages 1039 to 1040, held that an appeal from a postconviction order may be dismissed if counsel has found no arguable issues and if the defendant has not filed a supplemental brief. Our Supreme Court is currently considering what procedures appointed counsel and the Courts of

3

submit by brief or letter any contentions or argument he wished this court to consider. We have received no response.

Denial of Gonzalez's motion was proper because he failed to cite any cognizable legal authority supporting his request. Furthermore, the trial court's order is nonappealable. The right of appeal is statutory. Generally, once a judgment is rendered and execution of the defendant's sentence has begun, the trial court lacks jurisdiction to vacate or modify the sentence. (*People v. Alexander* (2020) 45 Cal.App.5th 341, 343; *People v. Torres* (2020) 44 Cal.App.5th 1081, 1084; *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326–327.) "If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed. [Citations.]" (*Torres*, at p. 1084; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

Gonzalez's judgment was final years ago. (See *People v. Buycks* (2018) 5 Cal.5th 857, 876, fn. 5 [judgment is final when the time for filing a petition for certiorari with the United States Supreme Court has expired].) Absent some statutory authority allowing for modification of Gonzalez's sentence, the trial court lacked jurisdiction to grant relief, and the appeal must be dismissed.

---

Appeal should follow when counsel determines that an appeal from an order denying postconviction relief lacks arguable merit. (*People v. Delgadillo* (Nov. 18, 2020, B304441 [nonpub. opn.]), review granted Feb. 17, 2021, S266305.) Pending further guidance from our Supreme Court, and out of an abundance of caution, we examine Gonzalez's appeal under *Wende.*

We have examined the record, and are satisfied no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441–442.)

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

HILL, J.*

---

\*      Judge of the Santa Barbara Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.